Our next case up is Lake vs. Related Management Company. For the appellant is Jeffrey Sisko. You are he, sir? Yes, sir. For the appellee is William Hardy. And Greg Odom. You are he? Yes, sir. Are you both going to argue? Okay, Mr. Clerk, do you have that information? Yes, sir. Okay. Thank you. Mr. Sisko, you may proceed. Thank you, Your Honor. May it please the court? Counsel? Counsel? My name is Jeff Sisko, and I represent the plaintiff appellant, Angela Lake. My client was injured on December 4th of 2004 while she was a tenant of an apartment unit owned and managed by the defendants. Specifically on that date, she was walking along a sidewalk provided by the defendants that led directly to the front door of her apartment unit. While she was walking on that sidewalk towards the door, she was carrying two bags of groceries, one in each hand. Now, on that sidewalk was a gap that had been there for a while. My client herself was aware of the gap. She had told the defendants about the gap. And my client herself had been aware of the gap as well. But she was distracted from the gap on that particular day because she was carrying the groceries, and her attention was focused on getting the groceries into the apartment unit. So was it making a difference whether she was carrying groceries or not? Your Honor, I think it would perhaps make a difference if she weren't carrying anything. This was a situation where she was carrying an item, and it happened to be groceries. She stepped into the gap with the heel of her shoe, and that caused her to fall, and she sustained musculoskeletal injuries as a result. Of the cases that have been cited by the defendants in their brief and by the plaintiff, we would assert that the case that is most on point for the case at bar was really the seminal case regarding the distraction exception to the open and obvious rule. And that case is the case of Ward v. Kmart. In that case, of course, the plaintiff was a customer of a Kmart store. He had gone into the store. There was a large concrete post at the entrance of the store. The plaintiff would have presumably been aware of that concrete post. The plaintiff goes into the store, purchases a mirror that's for sale there, and when he walks out of the store, though he would have seen that concrete post before and was aware of it, he was distracted because his attention was focused on carrying the mirror, and he collides with the post and is injured. We would assert that that case is the one of all the cases cited that's most analogous to the case at bar. What did the court mean when it said the case relied upon by you Ward v. Kmart and Rick Road involved distractions created at least in part by the premises owner? I believe what the court meant when that was stated was that those cases involved something other than the plaintiff simply thinking about something else that had nothing to do with the activities of the defendant. In this case, in the case at bar... In fact, though, didn't the defendant provide the plaintiff, it wasn't the defendant's doing so, providing the plaintiff with a product, the very distraction, the product being the very distraction that was in existence in the Ward case? Absolutely, Your Honor. We would certainly agree with that. So the defendant had a role in Ward? Absolutely. What was the role of the defendant in your case? The role of the defendant in this case was that the defendant's business was providing living space to my client. My client was essentially a customer, a tenant, and the product they provided was living space. As part of that product that they provided, they would have provided a kitchen in the apartment unit, they would provide a place where the plaintiff would come and put her groceries in. Not only could they have anticipated that the plaintiff would bring her groceries into the apartment unit, they surely would have expected and intended the plaintiff to do just that. So the distraction which was at issue in Ward was provided by the defendant. To the extent that the law says the distraction has to be caused by, provided by, or contributed in some way by the defendant, what would be left of that doctrine if we agreed with you in this case? Well, there's a number of cases I think that show situations where there would be things left with respect to overcome the distraction exception. For example, in the Hope v. Hope case that was decided by this court not too long ago, in that case the plaintiff was, not only was she not carrying anything at all, she was not even engaging in any of the activities that were alleged to be distracting activities. So certainly in that case, the plaintiff was perhaps thinking about things that had nothing at all to do with the defendant. That would be an instance where the distraction exception would not apply. So, and there are other cases as well that have been cited by the defense where the injured party isn't even carrying anything. It's almost hard to see how the injured party would... But that doesn't answer the question I asked you. In this case, if we would agree with you, when the defendant had no role in providing the distraction, as it did in the Wal-Mart case, or Kmart case rather, what would be left? I don't understand how we could still say the defendant had to have a role. Well, we would certainly agree that the defendant in our case would need to have a role, had to have played a role in the distraction. It's our contention that the defendant did play a role. Because the defendant provided a living space, and would have intended the plaintiff to bring groceries into the party unit. If she were doing something that had nothing to do with her living space per se, that would certainly be a different situation. But this is where she lives. So, she just walks in the house and forgets about the crack and trips over it? It's the defendant's fault? I would say not, Your Honor. Certainly, she would at the very least need to be engaging in something that would be distracting and in some way related to what the defendants do. She would need to be carrying something. The cases that deal with distraction. She lives there. So, whenever she is carrying anything of her own volition, whatever it might be, whatever size it might be, if she forgets about the crack and trips on it, it's the defendant's fault? Is that right? Well, this is a unique case because it's providing a living quarters as opposed to other types of businesses that are providing other types of products. I'm trying to understand your theory. As long as she's living there, this is a case waiting to happen whenever, going in and out of her own residence, she's carrying literally anything that she chooses to carry, forgets about it or is distracted about the crack, and trips and is injured, it's their fault? If she's truly distracted and she's carrying, yes, it could be furniture, it could be... What do you mean truly distracted? Well, I mean, she's... You suppose a little bit? Well, she would have to... I mean, it would have to be proven that she was distracted, certainly. I mean, she, you know, to simply allege you're distracted and maybe you're really not, that's a different scenario. But we understand we would certainly have the burden of proof at trial to establish that she was indeed distracted. But, I mean, as long as she were carrying furniture... But under that theory, why hasn't the defendant essentially become now the insurer of her well-being so that this is just a lawsuit waiting to happen? Well, because we still have a number of things we still need to prove. We have to prove notice. We have to prove the condition was dangerous.  She was truly distracted and how she was distracted... By herself without any volition from the defendant. And I guess that's kind of the argument we make is that there was a role that the defendant played. But we would still certainly have all of these things we still need to prove. I mean, this distraction exception is one very small part of the total picture of what we have to prove. And we certainly appreciate that. But we would contend that the distraction was something... There's kind of two factors that we have to show. Number one, that it could have been reasonably anticipated by the defendants. By the way, when you say it's something you'd have to prove and show, would this be a jury issue? I would contend it would be, Your Honor. We would contend that a reasonable trier of fact could conclude that the defendant, that our client was distracted as a result of something that the defendants did. And yes, I still think we need to prove that she was distracted, no question about it. So this would be something to be submitted to the jury? That she was distracted, absolutely. What if this property had a swimming pool?  Her unit was near the swimming pool. She was carrying something and fell into the swimming pool during the fall or winter months when it was not full of water. Is there liability for the defendant? Well, I think that it would depend on a variety of issues. Is she going on a pathway that leads directly to the opening of the pool? Adjacent to. Adjacent. She could have gone around on a sidewalk, but it's shorter to go by the pool. If she falls into the pool. Your Honor, I think that factual scenario is a little farther removed from ours because in that case, she's not necessarily going on a pathway that's been provided by the defendants that leads directly to the pool. She's kind of taking a shortcut. Well, but it's a pathway to her living unit. I mean, if it's a pathway that is provided directly to her living unit, and goes directly to, I guess, the opening of the pool, I guess, theoretically, there might be a scenario where the defendant's, where the distraction exception perhaps would apply, if she's carrying something into the apartment unit, something that would be appropriate to carry into an apartment unit. I don't think that scenario was in play here. I mean, I think, well, I think in this case, I mean, she's on a pathway that they've provided. No, I think the point of the question is, she knew about the crack in the sidewalk. Yes. And tripped over it. She would know about the swimming pool. If she fell into it. Okay. Theoretically, there's really no difference based on your argument. Correct? Well, certainly both of those are open and obvious, and the pool is very open and obvious, and I think there would be kind of a hurdle to get over to show that the pool, that she was truly distracted from a large swimming pool. So the crack is just a little bit open and obvious, and the pool is a lot open and obvious. Well, I think they're both open and obvious, but I, surely it would be harder to make the case that one could be distracted from a large swimming pool as opposed to a gap that's smaller. So I think she would, there would be more hurdles to overcome. Both distractions were known to your client. Well, my client was engaging in the distracting behavior, as would be the case in any case of this type. So certainly my client was aware that she was engaging in behavior that... Or both dangers were open and obvious to your client. She knew about them. No, that's correct, Your Honor. We're not disputing that this would be open and obvious. We would contend that this, that the fact that she would be distracted from the gap is something that would have been reasonably anticipated by the defendants, because we would contend that the defendants would have intended for her to bring groceries and other items from time to time into the apartment unit, and that it would be reasonably foreseeable on their part that my client would be distracted from the gap. And secondly, we do contend that this distraction is not something that was wholly self-created. The defendants, we would assert, played a role in the distraction because they provided the sidewalk that led directly to the apartment unit. They provided living space and pretty much invited and intended her to use, to bring groceries, to carry them on the sidewalk and bring them into the living space. Now this is different from other types of cases and other businesses that are a little more limited in scope, such as a store that sells merchandise. Certainly a store that sells merchandise is not necessarily inviting people to carry non-merchandise items into or out of the store. But in the case of a living space, we would concede that there are more instances where the distraction exception might come into play because of the nature of the business of renting apartment units. And because we would assert that the distraction should have been reasonably foreseeable on the part of the defendants, and because it is something that was not wholly self-created, because the defendants played a role in creating the distraction to some extent, we would respectfully ask that this Court reverse the decision of the trial court and that this case be remanded for further proceedings. Thank you, Counsel. Mr. Hardy. May it please the Court. Counsel. Counsel. My name is William Hardy. I represent the Defendant Appellee-Related Management Company in this case, although the argument I'm going to be presenting is the same for both defendants. I think the struggle that Mr. Siscoe has in answering some of your questions is because if you accept his argument, then the open and obvious doctrine is that it's wrong. It doesn't exist in Illinois. Because in any case, you can come up with an argument that a distraction carrying something or whatever should present a jury question. And the open and obvious doctrine is based on the principle that people look out for something that's open and obvious. And it's not reasonably foreseeable that someone is going to trip and fall on something like that. Now, this is not a swimming pool example that should give your honor. That's interesting because I think what he's saying is there's more likely to be liability in his case where there's a gap. I mean, it's not like it's raised up or anything. We live in Illinois. Concrete expands and contracts. But this is not a situation where you're walking in Leland Grove and there's a big heave because the tree root came under it. A swimming pool example, it seems to me, would be a stronger argument for liability because of the danger. This is something that she certainly appreciated. She knew about. She's wearing a three-inch heel. She's carrying groceries. No, I carry groceries all the time, your honors. And the problem with tying the activity to the plaintiff's own actions... You probably don't wear three-inch heels while you're doing that. I don't. That's correct, your honor. But the problem is that it subsumes the rule. I mean, if you create a question of fact in all these cases... And we have cases in nearly every district. We've cited the Sandoval case from the 1st District. We've cited a case from the 2nd District, from the 5th District. I think that's the Wilfong decision. And two cases from this district. The Hope case and the Ford case, which I think is a case that you were on, Justice Appleton, and concurred in the opinion. I would note that although Mr. Siscoe distinguishes the Hope case, he doesn't distinguish the Ford case. And in the Ford case, that's the true value case where the guy's riding a motorcycle, and he hits a pothole, and he has to put his leg down, and I think he fractures his leg in some way. In that case, this court said, look, there has to be some link to the defendant. The fact that this guy was focused on traffic, even though it happened at the time of the accident, when he was exiting the parking lot, that's not anything that has to do with the defendant. Unlike the Ward case, and the Rexford case, where the activity of the defendant is specifically linked to the distraction. And the Hope case, I think, very much supports our position. There is language at the end of the decision where it talks about how, well, this is not the same as a case where the distraction is linked to the injury itself, or the accident itself. But that's a different case. That's like the Ford case. Or it's like the Sandoval case. The Sandoval case is a case out of the First District. This court cited in Ford, I believe, and it's cited in many other cases, where it links the activity, or the distraction, to the defendant. And in that case, it was outside the plaintiff's home, near the entryway. It was a sidewalk that had been broken up. There was a huge chunk, or there was a chunk that was sticking up like four inches. The plaintiff was looking for a child. And she was afraid that she lost a child. So she's searching all over, and she trips on this. And she says, well, I'm distracted by that. You know, I'm distracted by looking for the child. Same situation with carrying the groceries. You know, I walk to Walgreens to pick up things sometimes. I've walked down to the town and country shopping mall. There are all kinds of places, in Springfield, in Decatur, where you have a gap in the sidewalk, or you have a slight heave, or whatever. If we create a question of fact in every case, where there's no link to the defendant, then there's no open and obvious doctor in Illinois. So, I don't have anything further. I think I've discussed the cases in my brief. I don't want to get up here and regurgitate all of that. Unless the court has any questions, I think the law is very, very clear in every district that we're entitled to subject. Okay. Thank you, counsel. Mr. Odom. Thank you, Your Honor. Your Honors, may it please the court. Counsel. Your Honors, I will just reiterate what Mr. Hardy stated, that in every case where the distraction exception has been applied, the defendant has somehow caused, contributed to, or played a role in the creation of that distraction. In the cases where the distraction exception has not been applied, the distraction exception has been unrelated to the defendant's conduct, and it has been caused either by the plaintiff, or by some unrelated causative factor. And, Your Honors, in this case, the plaintiff, by her own admission, testified during her deposition, that this gap was an open and obvious condition, and that she believed it was dangerous. The defendants in no way contributed to the creation of this distraction. Providing living space was not the distraction. The distraction was the grocery bags, Your Honor. Your Honors, therefore, the defendants respectfully request that this court uphold the trial court's grand assembly judgment. Thank you. Thank you, counsel. Mr. Siscoe, any rebuttal, sir? Just briefly, Your Honor. Thank you. Okay. Your Honors, Mr. Hardy had indicated that, obviously, there are cracks and gaps and sidewalks all over Central Illinois, and arguably all over the place. But the issue in this case, before this court today, is not whether or not the gap was a dangerous condition. We concede we still would need to prove that at trial. The issue is whether or not the distraction exception applies. And again, with respect to the cases, or the assertion that the open and obvious doctrine would essentially be dead, no emotion, again, we would disagree. Certainly, it would seem that in these types of cases, the plaintiff would at least need to be carrying something, and would need to be distracted by activities that she's actually engaging in at the time that the injury occurs. And she would also need to be distracted by something that was not purely and wholly self-created. And in this case, again, we would assert that providing living space, inviting and intending tenants to bring groceries, carry groceries on the sidewalk provided by the defendants, into a living space that has a kitchen in it, when you put all of that together, the distraction that occurs is something that the defendants, at least in part, are contributing to. And we would assert that that is how this case is different from the other cases cited by the defendants in support of their position. Again, we would respectfully ask that this Honorable Court reverse the decision of the trial court and remand for further proceedings.